GARY E. KLAUSNER (SBN 69077)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: gek@lnbyb.com; kjm@lnbyb.com

TOM LALLAS (SBN 66512)
MARK D. HURWITZ (SBN 151159)
LEVY, SMALL & LALLAS
A Partnership Including Professional Corporations
815 Moraga Drive
Los Angeles, California 90049-1633
Telephone: (310) 471-3000; Facsimile: (310 471-7990
Email: tlallas@lsl-la.com; mhurwitz@lsl-la.com

Attorneys for Creditor Barry Beitler

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>JOHN JEAN BRAL,<br><br>               Debtor and Debtor-in-Possession.<br><br>JOHN JEAN BRAL, an individual,<br><br>               Plaintiff,<br><br>   v.<br><br>BARRY BEITLER, an individual,<br><br>               Defendant. | Case No. 8:17-bk-10706-SC<br><br>Chapter 11<br><br>Adv. No. 8:17-ap-01071-SC<br><br>**DEFENDANT BARRY BEITLER'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT ON DEBTOR'S FIRST AMENDED COMPLAINT FOR (1) AVOIDANCE OF ALLEGEDLY UNPERFECTED LIENS PURSUANT TO 11 U.S.C. § 544(A); (2) RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 550; AND (3) DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502; DECLARATION OF BARRY BEITLER**<br><br>Date:  February 21, 2018<br>Time:  2:00 p.m.<br>Place:  Courtroom 5C<br>          411 West Fourth Street<br>          Santa Ana, California 92701 |

1

# TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................................................ 2

II. STATEMENT OF FACTS ......................................................................................... 4

    A.  Pre-Petition Litigation ....................................................................................... 4

        1.  Beitler v. Bral (Case No. BS 146302) ................................................... 4

        2.  Beitler v. Bral (Case No. BC532523) .................................................... 5

    B.  Motions For Orders Charging Debtor's Interests In Mission Medical
        Investors, LLC And Westcliff Investors, LLC ............................................. 5

III. ARGUMENT ............................................................................................................... 6

    A.  The Charging Liens Cannot Be Avoided Under 11 U.S.C. § 544(a) ............ 6

    B.  Debtor Is Not Entitled To A Judgment Recovering Avoided Transfers
        For The Benefit Of The Estate Because The Charging Liens Are Not
        Avoidable ........................................................................................................ 11

    C.  Defendant's Claims Are Not Subject To Disallowance Because The
        Charging Liens Are Not Avoidable ............................................................. 11

IV. CONCLUSION ......................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Southern California Bank v. Zimmerman (In re Hilde),*
    120 F.3d 950 (9th Cir. 1997) ............................................................................................ *passim*

*Zimmerman v. Southern California Bank (In re Hilde),*
    189 B.R. 776 (B.A.P. 9th Cir. 1995) ......................................................................................10

**California Cases**

*Bluxome Street Assocs. v. Fireman's Fund Ins. Co.,*
    206 Cal.App.3d 1149 (1988) ................................................................................................3, 9

**Federal Statutes**

11 U.S.C. § 502 ................................................................................................................. 2, 4, 11

11 U.S.C. § 544 ................................................................................................................. *passim*

11 U.S.C. § 550 ................................................................................................................. 2, 4, 11

**California Statutes**

Cal. Code of Civ. Proc. § 697.910 ..............................................................................................8

Cal. Code of Civ. Proc. § 708.320 ...................................................................................... *passim*

Cal. Code of Civ. Proc. § 708.320(a) ................................................................................. 3, 7, 9

Cal. Code of Civ. Proc. § 708.320(b) ..................................................................................9, 11

Cal. Code of Civ. Proc. § 2897 ..............................................................................................3, 9

**Other Authorities**

16 Cal.L.Rev. ..............................................................................................................................9

1    Defendant Barry Beitler ("<u>Defendant</u>") hereby files his Opposition to that certain Motion
2  for Summary Judgment [Docket No. 27] (the "<u>Motion</u>") filed by John Jean Bral ("<u>Debtor</u>"), in
3  connection with Debtor's cause of action under 11 U.S.C. § 544(a), and related to that cause of
4  action, Debtor's causes of action under 11 U.S.C. § 550 and 11 U.S.C. § 502.[1]

5    **I.    INTRODUCTION**

6    There is only one issue in dispute (a legal issue) between the parties to this adversary
7  proceeding, as it relates to Debtor's cause of action under 11 U.S.C. § 544(a): whether the
8  charging liens Defendant obtained against the Debtor's interests in two limited liability
9  companies are avoidable because Debtor, to preclude Defendant from obtaining court orders
10 granting Defendant's charging motions, filed for bankruptcy on the last court day before
11 Defendant's duly noticed motions were to be heard.  The Debtor contends that the absence of a
12 court order left the charging liens "unperfected"  as of the petition date and, therefore, avoidable
13 under Section 544(a).

14    The California statutory scheme regarding charging liens and Ninth Circuit law provide
15 that when the lien statute at issue contains no requirement for perfection of a lien, no perfection is
16 required, and the lien cannot be avoided under 11 U.S.C. § 544. See *Southern California Bank v.*
17 *Zimmerman (In re Hilde)*, 120 F.3d 950, 952 (9th Cir. 1997) ("Because we conclude that…the lien
18 statute on which the Bank relies, contains no requirement for perfection of the Bank's lien, the
19 trustee cannot avoid the lien.  Accordingly, we reverse the decision of the BAP.").

---

[1] Pursuant to that certain *Stipulation To (1) Continue Hearing On Motion For Summary Judgment And Related Deadlines; and (2) Vacating Deadlines Pursuant To Scheduling Order* [Docket No. 31] by and between Defendant and Debtor, as approved by the Court per its Order entered on December 22, 2017, at Docket No. 32, "the only issues to be considered [at the February 21, 2018 hearing on the Motion] shall be those relating to the Section 544 issues (and related Section 502 and 550 issues), with any and all other issues set forth in the Motion…to be heard at another date and time, if necessary.  For the avoidance of doubt, [Defendant's] opposition to the Motion for Summary Judgment need only address the Section 544 issues (and related Section 502 and 550 issues), and need not address any Section 547 issues.  A separate deadline will be set for [Defendant] to oppose the Motion in connection with Section 547 Issues." *See* Stipulation, para. 3.

1      Here, the lien statute pursuant to which Defendant obtained charging liens against Debtor's membership interests in Mission Medical Investors, LLC and Westcliff Investors, LLC, is section 708.320 of the California Code of Civil Procedure, which provides, in relevant part, that "a lien on a judgment debtor's interest in a partnership or limited liability company is created by service of a notice of motion for a charging order…." See Cal. Code Civ. Proc. § 708.320(a). Nowhere in *any* portion of section 708.320 of the California Code of Civil Procedure is there any reference to, or requirement for, "perfection". Moreover, California law provides, and Debtor acknowledges, that "[w]hen a lien does not have formal perfection requirements, its priority is determined under the general rule set forth in Cal.Civ.Code § 2897, which provides that *the time of creation of the lien is determinative*." *Bluxome Street Assocs. v. Fireman's Fund Ins. Co.*, 206 Cal.App.3d 1149, 1157-58 (1988) (emphasis added); *see also*, Motion, p. 14, ll. 3 – 6. A charging order lien is created at the time of service of the notice of the motion for the charging order. *See* Cal. Code Civ. Proc. § 708.320(a); *see also*, Motion, p. 14, ll. 7 – 8. It is undisputed that "[Defendant] served the notices of the Charging Order Motions on January 18, 2017, and the Liens arose at that time." *See* Motion, p. 14, ll. 8 – 10.

      Debtor incorrectly contends that, since subsection (b) of Cal. Code of Civ. Proc. § 708.320 provides that "if the issuance of the charging order is denied, the lien is extinguished," the charging lien is not perfected unless an order is obtained. Debtor's reliance on subsection (b) of Cal. Code of Civ. Proc. § 708.320 is misplaced. The statute does not say that a court order is necessary to perfect a charging lien. Indeed, neither the word "perfect" nor "perfection" is used in the statute. As set forth above, the Ninth Circuit Court of Appeals in *Hilde* has ruled that unless the statutory scheme *expressly* requires that a lien be "perfected," no perfection is necessary and the creation of the lien is sufficient to defeat the rights of a lien creditor being exercised by a bankruptcy trustee or Chapter 11 debtor under § 544. *See Hilde*, 120 F.3d at 952, *citing Farm Credit Bank of St. Louis v. Lucas*, 152 B.R. 244, 247 n.3 (C.D. Ill. 1993), *rev'd on other grounds sub nom. Appeal of Swartz,* 18 F.3d 413 (7th Cir. 1994).

Defendant's charging liens were created at the time that Defendant served his motions for charging liens, and may not be avoided under 11 U.S.C. § 544. Accordingly, the Motion should be denied as to 11 U.S.C. § 544, and as to 11 U.S.C. § 550 and 11 U.S.C. § 502 as they relate to 11 U.S.C. § 544.

## II.    STATEMENT OF FACTS[2]

### A.    Pre-Petition Litigation.

#### 1.    Beitler v. Bral (Case No. BS 146302)

On or about December 5, 2013, Defendant commenced an action against Debtor in the Superior Court of California, County of Los Angeles (the "Superior Court"), which was assigned Case No. BS 146302 (the "First Action"). *See* First Amended Complaint ("FAC"), and Answer to First Amended Complaint ("Answer"), ¶ 13; *see also* Declaration of Barry Beitler ("Beitler Decl.") ¶ 3. The First Action was tried before Private Judge: Hon. Carl J. West (Ret.) ("Judge West") on or about June 16, 2016, and subsequently taken under submission. *See* FAC and Answer, ¶ 14; Beitler Decl. ¶ 3. On or about October 11, 2016, Judge West issued a Statement of Decision finding in favor of Defendant in all material respects. *See* FAC and Answer, ¶ 15; Beitler Decl. ¶ 3.

On or about November 17, 2016, the Superior Court entered a Judgment on Statement of Decision (the "Judgment on Decision"), which provides that Defendant shall have and recover against Debtor: (1) damages in the sum of $591,826.61, plus accruing interest at the rate of $92.64 per day from and after June 15, 2016 through the date of entry of the Judgment; (2) attorney's fees in the sum of $118,083.50; (3) costs in the sum of $2,387.37; (4) fees paid to JAMS in the sum of $39,640.02; and (5) transcript fees in the sum of $1,672.61. In addition, the

---

[2] This Statement of Facts summarizes those facts that are relevant to the Court's understanding of how Defendant obtained the charging liens at issue. There is no factual dispute between the parties regarding when and how the charging liens were created. The only dispute between the parties under 11 U.S.C. § 544 is the legal dispute regarding whether perfection by some other, additional act, is required.

Judgment on Decision would accrue post-judgment interest at the statutory rate. *See* FAC and Answer, ¶ 16; Beitler Decl. ¶ 4.

    **2.**    <u>**Beitler v. Bral (Case No. BC532523)**</u>

On or about January 8, 2014, Defendant commenced an action against Debtor in the Superior Court thereby commencing Case No. BC 532523 (the "<u>Second Action</u>"). *See* FAC and Answer, ¶ 17; Beitler Decl. ¶ 5. On or about November 7, 2016, the Superior Court entered a default judgment (the "<u>Default Judgment</u>") in favor of Defendant. The Default Judgment provides for damages in the sum of $1,765,202, plus prejudgment interest in the amount of $749,429 and post-judgment interest at the statutory rate. *See* FAC and Answer, ¶ 18; Beitler Decl. ¶ 5.

**B.**    <u>**Motions For Orders Charging Debtor's Interests In Mission Medical Investors, LLC And Westcliff Investors, LLC**</u>.

On or about January 18, 2017, Defendant filed his Notices of Motions and Motions for Order Charging John Bral's Interest in Mission Medical Investors, LLC and Notices of Motions and Motions for Order Charging John Bral's Interest in Westcliff Investors, LLC (the "<u>Charging Order Motions</u>") based on the judgments discussed above. *See* FAC and Answer, ¶ 20; Beitler Decl. ¶ 6. According to the Charging Order Motions, the outstanding amount of the of the Judgment on Decision as of January 17, 2017, was $780,083.71 and the outstanding amount of the Default Judgment as of January 17, 2017, was $2,563,545.74. *See* FAC and Answer, ¶ 20; Beitler Decl. ¶ 6.

The Charging Order Motions were properly served by Defendant on January 18, 2017, on Debtor and, respectively, on Mission Medical Investors, LLC ("<u>Mission</u>"), Westcliff Investors, LLC ("<u>Westcliff</u>"), and the other respective members of those limited liability companies. *See* FAC and Answer, ¶ 22; Beitler Decl. ¶ 7. Thus, as of January 18, 2017, liens (the "<u>Charging Liens</u>") were created on Debtor's membership interests, if any, in Mission and Westcliff.

The hearings on the Charging Order Motions were set for February 27, 2017, but stayed by the filing of Debtor's bankruptcy case. *See* FAC and Answer, ¶ 25; Beitler Decl. ¶ 8.

## III.  ARGUMENT

A.  **The Charging Liens Cannot Be Avoided Under 11 U.S.C. § 544(a).**

Section 544(a) of the Bankruptcy Code provides in relevant part that "[t]he trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by – (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists; [and] (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists[.]"

Based on Section 544(a) of the Bankruptcy Code, if a lien created under state law would be subject to avoidance by a judgment lien creditor, then a trustee in bankruptcy or a Chapter 11 debtor could set aside the lien pursuant to Section 544(a). In his Motion, the Debtor argues that Defendant's Charging Liens were "unperfected" as of the Petition Date and, therefore, are subject to avoidance under Section 544(a). The Debtor is wrong as a matter of law.

"Section 544 of the Bankruptcy Code makes the avoidance powers of the trustee contingent upon state law. Thus, if perfection is not a concept under [state] law, then it is not a valid concept under the Bankruptcy Code." *See Southern California Bank v. Zimmerman (In re Hilde)*, 120 F.3d 950, 952 (9th Cir. 1997) (internal citations omitted).

Here, the lien statute pursuant to which Defendant obtained the Charging Liens against Debtor's membership interests, if any, in Mission and Westcliff, is section 708.320 of the California Code of Civil Procedure, which provides as follows:

> (a) A lien on a judgment debtor's interest in a partnership or limited liability company is created by service of a notice of motion for a charging order on the judgment debtor and on either of the following:
>
> > (1) All partners or the partnership.

>    (2) All members or the limited liability company.
>
> (b) If a charging order is issued, the lien created pursuant to subdivision (a) continues under the terms of the order. If issuance of the charging order is denied, the lien is extinguished.

Cal. Code Civ. Proc. § 708.320.

As set forth in the statute, a charging order lien is created at the time of service of the notice of the motion for the charging order. *See* Cal. Code Civ. Proc. § 708.320(a); *see also*, Motion, p. 14, ll. 7 – 8. Here, Debtor does not dispute that "[Defendant] served the notices of the Charging Order Motions on January 18, 2017, and the Liens arose at that time." *See* Motion, p. 14, ll. 8 – 10.

However, in his Motion, Debtor argues that the lien is "unperfected" unless and until a court grants the motion for a charging order, and that in the absence of a court order, Debtor, exercising his rights under Section 544 of the Bankruptcy Code, can set aside the "unperfected" charging lien which arose pursuant to § 708.320(a) of the California Code of Civil Procedure.

Debtor's position is unsupported by any applicable statutory or judicial authority. While there appears to be no California law directly on point – involving the question of whether a lien created by the filing of a motion for a charging order must be "perfected" – in an analogous case the Ninth Circuit held that unless the statutory scheme for the creation of a lien expressly requires perfection, no perfection is required. *In re Hilde,* 120 F.3d at 952 (9th Cir.1997).

In *Hilde*, the Ninth Circuit addressed the question of whether a lien created by service on a judgment debtor of an order to appear for a debtor's examination ("ORAP Lien") required the entry of a turnover order by the state court for the ORAP Lien to be "perfected," to survive a trustee's challenge under Section 544(a), and held that it did not. In so doing, the Ninth Circuit reversed the Bankruptcy Appellate Panel which had granted summary judgment to a bankruptcy trustee who had sought to set aside the ORAP Lien obtained pre-petition by the debtor's judgment creditor. The Ninth Circuit stated, in part:

> The BAP conceded that the Bank's lien was "created" under section 708.110

  when the order to appear was served on the Hildes, but added a requirement (not
  within the statute) that to be "perfected" the Bank had to obtain a turnover order
  under § 708.205. . . . Because the Bank did not obtain a turnover order, the BAP
  held that it had not "perfected" its lien, and as a result, the lien did not have
  priority over the claim of the trustee in bankruptcy.

  The BAP erred in this holding. Nothing in section 708.110 or section 708.205
  requires a creditor to obtain a turnover order as a condition precedent to
  perfection of an ORAP Lien. Indeed, "perfection" of a lien is not even required.
  According to the plain language of the statute, the Bank's lien arose when it
  served the orders to appear on the Hildes.

*Hilde*, 120 F.3d at 953-54.

  The Ninth Circuit supported its decision by reviewing other California statutes relating to the enforcement of judgments contained in the California Code of Civil Procedure, stating:

  This analysis is consistent with California's statutory scheme. When referring to
  judgment liens, the California Legislature consistently prescribes the manner for
  "creating" liens. . . . In each of these five articles, California's Code of Civil
  Procedure refers to "creation" of the lien. Uniformly, these references do not
  mention "perfection" of any of the liens.[3]

*Hilde*, 120 F.2d at 954.

  Analogizing to a change in the California statute involving attachment liens and temporary protective orders, the Ninth Circuit noted the elimination of the word "perfects" and the insertion of the word "creates."

  This change in language (removing the term "perfects") is further evidence that
  perfection is not required as a part of California's statutory scheme unless a
  statute requires perfection. The California Legislature did not require
  "perfection" of an ORAP Lien in addition to "creation." And, where perfection
  is not required under state law, neither is it required under the Bankruptcy Code.

*Hilde*, 120 F. 2d at 954, *citing Farm Credit Bank of St. Louis v. Lucas,* 152 B.R. 244, 247 n.3 (C.D. Ill. 1993).

  *Hilde* thus stands for the proposition that unless the statutory scheme expressly requires that a lien be "perfected," no perfection is necessary and the creation of the lien is sufficient to

---

[3] One of those five articles is "Other Liens" which includes "a charging order as provided in Section 708.320." *See* Cal. Code of Civ. Proc. § 697.910.

defeat the rights of a lien creditor being exercised by a bankruptcy trustee or Chapter 11 debtor under § 544(a).

Nowhere in the provision of the California Code of Civil Procedure pursuant to which Defendant obtained the Charging Liens is there any reference to, or requirement for, perfection. Indeed, when the statute was originally passed in 1982, and as it exists now, the Legislature chose to use the word "creates" (§ 708.320(a)) and "continues" (§ 708.320(b)), instead of "perfects."

Moreover, the California Law Revision Commission comments to Section 708.320 support Defendant's interpretation of the applicable statute:

> Section 708.320 is new. Former statutory law did not explicitly provide for a lien of a charging order. The lien of a charging order was recognized in case law, but the time of its creation and its effect were unclear. See Taylor v. S & M Lamp Co., 190 Cal.App.2d 700, 707-12, 12 Cal.Rptr. 323, 329-31 (1961). Section 708.320 establishes the time of creation of the lien by reference to service of notice of motion for the charging order. Cf. Ribero v. Callaway, 87 Cal.App.2d 135, 138, 196 P.2d 109 (1948) (charging orders issued on noticed motion). This provision is analogous to the creation of a lien in an examination proceeding under Article 2 (commencing with Section 708.110) by service of the order of examination. See also Section 416.40 (service on partnership)."

16 Cal.L.Rev.Comm. Reports 1516 (1982) (may be accessed via Westlaw by accessing the statute) (emphasis added).

Thus, the service of notice of the motion for the charging order has the same legal effect as service of an order of examination, which the Ninth Circuit Court of Appeals in *Hilde* has held does not require perfection. *Hilde*, 120 F.3d at 952. A charging order and an order of examination are both statutory judgment enforcement procedures under California law, and just as an ORAP Lien does not require perfection, neither does a Charging Lien.

Finally, California law provides, and Debtor acknowledges, that "[w]hen a lien does not have formal perfection requirements, its priority is determined under the general rule set forth in Cal.Civ.Code § 2897, which provides that *the time of creation of the lien is determinative*." *Bluxome Street Assocs. v. Fireman's Fund Ins. Co.*, 206 Cal.App.3d 1149, 1157-58 (1988)

9

1  (emphasis added); *see also*, Motion, p. 14, ll. 3 – 6.  Here, there is no dispute that the Charging

2  Liens were created on January 18, 2017, when the Charging Order Motions were served.

3       Despite the clear language of the statute, Debtor, relying on an overturned Bankruptcy

4  Appellate Panel decision (*Zimmerman v. Southern California Bank (In re Hilde)*, 189 B.R. 776

5  (B.A.P. 9th Cir. 1995), overturned by *Hilde*), contends that, since subsection (b) of California

6  Code of Civil Procedure § 708.320 provides that "if the issuance of the charging order is denied,

7  the lien is extinguished," charging liens are not perfected unless an order is obtained.  Debtor's

8  reliance on subsection (b) of California Code of Civil Procedure § 708.320 is misplaced.  That is

9  not what the statute actually provides. The fact that a charging lien is extinguished if the court

10 denies the motion, does not mean, or could reasonably be interpreted to mean, that the lien had to

11 have been perfected, let alone that the judgment debtor can negate the created charging lien

12 simply by filing for bankruptcy before the hearing on the charging motion.  The words "perfect"

13 or "perfection" are not used in the statute at all.  As set forth above, the Ninth Circuit Court of

14 Appeal in *Hilde* has ruled that unless the statutory scheme *expressly* requires that a lien be

15 "perfected," no perfection is necessary and the creation of the lien is sufficient to defeat the rights

16 of a lien creditor being exercised by a bankruptcy trustee or Chapter 11 debtor under § 544.

17      While the Ninth Circuit in *Hilde* did make reference to charging liens and implied that a

18 charging lien could be perfected by court order, the Ninth Circuit appeared to have been simply

19 addressing, in *dicta*, the 9th Circuit Bankruptcy Appellate Panel's erroneous ruling below and

20 cited no authority for such a proposition, and based such *dicta* on a statement by the Bankruptcy

21 Appellate Panel which is contrary to what the applicable California statute actually provides.

22 The Bankruptcy Appellate Panel's analysis of charging liens does not consider or acknowledge

23 the fact that the statute does not use the word "perfect" or "perfection."  Moreover, the

24 Bankruptcy Appellate Panel did not actually determine the issue of perfection requirements for

25 charging liens, because that was not the issue before the Bankruptcy Appellate Panel, or the Ninth

26 Circuit Court of Appeals.  Thus, the Ninth Circuit's comment regarding charging liens was

27 irrelevant to its holding in *Hilde*.  Ultimately, the Bankruptcy Appellate Panel was reversed by the

28

Ninth Circuit Court of Appeals for having "added a requirement (not within the statute) that to be 'perfected' the [judgment creditor] had to obtain a turnover order" in connection with the ORAP Lien. *See Hilde*, 120 F.3d at 953.  Similarly, it appears that the Bankruptcy Appellate Panel also incorrectly purported to add a requirement, which does not exist under applicable law, that in order for a charging lien to be perfected a judgment creditor must obtain a charging order under Cal. Code Civ. Proc. § 708.320(b).

If this Court applies the Ninth Circuit's actual holding in *Hilde* to this case, the only logical outcome is for Debtor's requested relief under 11 U.S.C. § 544(a) to be denied.

**B.    Debtor Is Not Entitled To A Judgment Recovering Avoided Transfers For The Benefit Of The Estate Because The Charging Liens Are Not Avoidable.**

Section 550 of the Bankruptcy Code provides in relevant part that "to the extent that a transfer is avoided under section…544…of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property from (1) the initial transferee of such transfer…." 11 U.S.C. § 550(a)(1).  Since Debtor is not entitled to avoid the Charging Liens under 11 U.S.C. § 544, Debtor is not entitled to relief under 11 U.S.C. § 550.

**C.    Defendant's Claims Are Not Subject To Disallowance Because The Charging Liens Are Not Avoidable.**

Section 502(d) of the Bankruptcy Code provides in relevant part that "…the court shall disallow any claim of any entity from which property is recoverable under section…550…or that is a transferee of a transfer avoidable under section…544…, unless such entity or transferee has paid the amount, or turned over such property, for which such entity or transferee is liable under section…550…of this title." 11 U.S.C. § 502(d).  Since Debtor is not entitled to avoid the Charging Liens under 11 U.S.C. § 544, or any relief under 11 U.S.C. § 550, Defendants' claims may not be disallowed under 11 U.S.C. § 502(d).

/ / /

/ / /

### IV. CONCLUSION

For the reasons set forth herein, Defendant respectfully requests that the Court enter an order: (1) denying the Motion as to Debtor's second cause of action under 11 U.S.C. § 544(a), and as to Debtor's third and fourth causes of action as they relate to 11 U.S.C. § 544(a); and (2) granting such further relief as the Court deems appropriate.

Dated: January 31, 2018            LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

                                   By:    /s/ Krikor J. Meshefejian
                                          GARY E. KLAUSNER
                                          KRIKOR J. MESHEFEJIAN

Dated: January 31, 2018            LEVY, SMALL & LALLAS
                                   A Partnership Including Professional Corporations

                                   By: _____
                                          TOM LALLAS
                                          MARK D. HURWITZ

                                   Attorneys for Creditor Barry Beitler

12

**DECLARATION OF BARRY BEITLER**

I, BARRY BEITLER, declare as follows:

1. I know from my own personal knowledge that the facts set forth in this Declaration are true and correct, and if called upon to testify, I could and would testify competently thereto.

2. I am a creditor of John Jean Bral ("Debtor") in this matter, and a defendant in the above-captioned adversary proceeding.

3. On or about December 5, 2013, I commenced an action against Debtor in the Superior Court of California, County of Los Angeles (the "Superior Court"), which was assigned Case No. BS 146302 (the "First Action"). The First Action was tried before Private Judge: Hon. Carl J. West (Ret.) ("Judge West") on or about June 16, 2016, and subsequently taken under submission. On or about October 11, 2016, Judge West issued a Statement of Decision finding in my favor in all material respects.

4. On or about November 17, 2016, the Superior Court entered a Judgment on Statement of Decision (the "Judgment on Decision"), which provides that I shall have and recover against Debtor: (1) damages in the sum of $591,826.61, plus accruing interest at the rate of $92.64 per day from and after June 15, 2016 through the date of entry of the Judgment; (2) attorney's fees in the sum of $118,083.50; (3) costs in the sum of $2,387.37; (4) fees paid to JAMS in the sum of $39,640.02; and (5) transcript fees in the sum of $1,672.61. In addition, the Judgment on Decision would accrue post-judgment interest at the statutory rate.

5. On or about January 8, 2014, I commenced an action against Debtor in the Superior Court thereby commencing Case No. BC 532523 (the "Second Action"). On or about November 7, 2016, the Superior Court entered a default judgment (the "Default Judgment") in my favor in the Second Action. The Default Judgment provides for damages in the sum of $1,765,202, plus prejudgment interest in the amount of $749,429 and post-judgment interest at the statutory rate.

6. On or about January 18, 2017, I filed Notices of Motions and Motions for Order Charging John Bral's Interest in Mission Medical Investors, LLC and Notices of Motions and

13

Motions for Order Charging John Bral's Interest in Westcliff Investors, LLC (the "Charging Order Motions") based on the judgments discussed above. According to the Charging Order Motions, the outstanding amount of the of the Judgment on Decision as of January 17, 2017, was $780,083.71 and the outstanding amount of the Default Judgment as of January 17, 2017, was $2,563,545.74.

7. The Charging Order Motions were served on January 18, 2017, on Debtor and, respectively, on Mission Medical Investors, LLC ("Mission"), Westcliff Investors, LLC ("Westcliff"), and the other respective members of those limited liability companies.

8. The hearings on the Charging Order Motions were set for February 27, 2017, but stayed by the filing of Debtor's bankruptcy case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 30 day of January, 2018, at Los Angeles, California.

_____
BARRY BEITLER

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **DEFENDANT BARRY BEITLER'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT ON DEBTOR'S FIRST AMENDED COMPLAINT FOR (1) AVOIDANCE OF ALLEGEDLY UNPERFECTED LIENS PURSUANT TO 11 U.S.C. § 544(A); (2) RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 550; AND (3) DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502; DECLARATION OF BARRY BEITLER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 31, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Alan J Friedman**    afriedman@lwgfllp.com, lgauthier@lwgfllp.com
- **Beth Gaschen**    bgaschen@wgllp.com, kadele@wgllp.com;lgauthier@lwgfllp.com
- **Mark D Hurwitz**    mhurwitz@lsl-la.com, dsmall@lsl-la.com
- **Gary E Klausner**    gek@lnbyb.com
- **William N Lobel**    wlobel@pszjlaw.com, nlockwood@pszjlaw.com;jokeefe@pszjlaw.com;banavim@pszjlaw.com
- **Krikor J Meshefejian**    kjm@lnbrb.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **January 31, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Office of the United States Trustee
411 W. Fourth Street
Suite 7160
Santa Ana, CA 92701

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 31, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Served via Overnight Mail*
Hon. Scott C. Clarkson
United States Bankruptcy Court
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 31, 2018 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                     F 9013-3.1.PROOF.SERVICE