GARY E. KLAUSNER (SBN 69077)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: gek@lnbyb.com; kjm@lnbyb.com

TOM LALLAS (SBN 66512)
MARK D. HURWITZ (SBN 151159)
LEVY, SMALL & LALLAS
A Partnership Including Professional Corporations
815 Moraga Drive
Los Angeles, California 90049-1633
Telephone: (310) 471-3000; Facsimile: (310 471-7990
Email: tlallas@lsl-la.com; mhurwitz@lsl-la.com

Attorneys for Creditor Barry Beitler

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>JOHN JEAN BRAL,<br><br>          Debtor and Debtor-in-Possession.<br><br>JOHN JEAN BRAL, an individual,<br><br>          Plaintiff,<br><br>   v.<br><br>BARRY BEITLER, an individual,<br><br>          Defendant. | Case No. 8:17-bk-10706-SC<br><br>Chapter 11<br><br>Adv. No. 8:17-ap-01071-SC<br><br>**DEFENDANT BARRY BEITLER'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO DEBTOR'S FIRST AMENDED COMPLAINT FOR (1) AVOIDANCE OF ALLEGEDLY UNPERFECTED LIENS PURSUANT TO 11 U.S.C. § 544(A); (2) RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 550; AND (3) DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502**<br><br>Date: February 21, 2018<br>Time: 2:00 p.m.<br>Place: Courtroom 5C<br>       411 West Fourth Street<br>       Santa Ana, California 92701 |

1

Defendant Barry Beitler ("Defendant") hereby files his Statement of Genuine Issues pursuant to Local Bankruptcy Rule 7056-1(c)(2), in opposition to that certain Motion for Summary Judgment [Docket No. 27] (the "Motion") filed by John Jean Bral ("Debtor"), in connection with Debtor's cause of action under 11 U.S.C. § 544(a), and related to that cause of action, Debtor's causes of action under 11 U.S.C. § 550 and 11 U.S.C. § 502.[1]

## STATEMENT OF GENUINE ISSUES

There is only one issue in dispute (a legal issue) between the parties to this adversary proceeding, as it relates to Debtor's cause of action under 11 U.S.C. § 544(a); whether the charging liens Defendant obtained against the Debtor's interests in two limited liability companies are avoidable because Debtor, to preclude Defendant from obtaining court orders granting Defendant's charging motions, filed for bankruptcy on the last court day before Defendant's duly noticed motions were to be heard.  There are no material facts in dispute.

## UNDISPUTED MATERIAL FACTS

The facts that are material to the legal dispute are as follows:

1. On or about December 5, 2013, Defendant commenced an action against Debtor in the Superior Court of California, County of Los Angeles (the "Superior Court"), which was assigned Case No. BS 146302 (the "First Action"). *See* First Amended Complaint ("FAC"), and Answer to First Amended Complaint ("Answer"), ¶ 13; *see also* Declaration of Barry Beitler ("Beitler Decl.") ¶ 3.  The First Action was tried before Private Judge: Hon. Carl J. West (Ret.) ("Judge West") on or about June 16, 2016, and subsequently taken under submission. *See* FAC

---

[1] Pursuant to that certain *Stipulation To (1) Continue Hearing On Motion For Summary Judgment And Related Deadlines; and (2) Vacating Deadlines Pursuant To Scheduling Order* [Docket No. 31] by and between Defendant and Debtor, as approved by the Court per its Order entered on December 22, 2017, at Docket No. 32, "the only issues to be considered [at the February 21, 2018 hearing on the Motion] shall be those relating to the Section 544 issues (and related Section 502 and 550 issues), with any and all other issues set forth in the Motion…to be heard at another date and time, if necessary.  For the avoidance of doubt, [Defendant's] opposition to the Motion for Summary Judgment need only address the Section 544 issues (and related Section 502 and 550 issues), and need not address any Section 547 issues.  A separate deadline will be set for [Defendant] to oppose the Motion in connection with Section 547 Issues." *See* Stipulation, para. 3.

and Answer, ¶ 14; Beitler Decl. ¶ 3.  On or about October 11, 2016, Judge West issued a Statement of Decision finding in favor of Defendant in all material respects. *See* FAC and Answer, ¶ 15; Beitler Decl. ¶ 3.

2.    On or about November 17, 2016, the Superior Court entered a Judgment on Statement of Decision (the "Judgment on Decision"), which provides that Defendant shall have and recover against Debtor: (1) damages in the sum of $591,826.61, plus accruing interest at the rate of $92.64 per day from and after June 15, 2016 through the date of entry of the Judgment; (2) attorney's fees in the sum of $118,083.50; (3) costs in the sum of $2,387.37; (4) fees paid to JAMS in the sum of $39,640.02; and (5) transcript fees in the sum of $1,672.61.  In addition, the Judgment on Decision would accrue post-judgment interest at the statutory rate. *See* FAC and Answer, ¶ 16; Beitler Decl. ¶ 4.

3.    On or about January 8, 2014, Defendant commenced an action against Debtor in the Superior Court thereby commencing Case No. BC 532523 (the "Second Action"). *See* FAC and Answer, ¶ 17; Beitler Decl. ¶ 5.  On or about November 7, 2016, the Superior Court entered a default judgment (the "Default Judgment") in favor of Defendant.  The Default Judgment provides for damages in the sum of $1,765,202, plus prejudgment interest in the amount of $749,429 and post-judgment interest at the statutory rate. *See* FAC and Answer, ¶ 18; Beitler Decl. ¶ 5.

4.    On or about January 18, 2017, Defendant filed his Notices of Motions and Motions for Order Charging John Bral's Interest in Mission Medical Investors, LLC and Notices of Motions and Motions for Order Charging John Bral's Interest in Westcliff Investors, LLC (the "Charging Order Motions") based on the judgments discussed above. *See* FAC and Answer, ¶ 20; Beitler Decl. ¶ 6.  According to the Charging Order Motions, the outstanding amount of the of the Judgment on Decision as of January 17, 2017, was $780,083.71 and the outstanding amount of the Default Judgment as of January 17, 2017, was $2,563,545.74. *See* FAC and Answer, ¶ 20; Beitler Decl. ¶ 6.

5. The Charging Order Motions were properly served by Defendant on January 18, 2017, on Debtor and, respectively, on Mission Medical Investors, LLC ("Mission"), Westcliff Investors, LLC ("Westcliff"), and the other respective members of those limited liability companies. *See* FAC and Answer, ¶ 22; Beitler Decl. ¶ 7.  Thus, as of January 18, 2017, liens (the "Charging Liens") were created on Debtor's membership interests, if any, in Mission and Westcliff.

6. The hearings on the Charging Order Motions were set for February 27, 2017, but stayed by the filing of Debtor's bankruptcy case. *See* FAC and Answer, ¶ 25; Beitler Decl. ¶ 8.

## DEFENDANT'S PROPOSED CONCLUSIONS OF LAW

**A.    The Charging Liens Cannot Be Avoided Under 11 U.S.C. § 544(a).**

1. Section 544(a) of the Bankruptcy Code provides in relevant part that "[t]he trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by – (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists; [and] (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists[.]"

2. Based on Section 544(a) of the Bankruptcy Code, if a lien created under state law would be subject to avoidance by a judgment lien creditor, then a trustee in bankruptcy or a Chapter 11 debtor could set aside the lien pursuant to Section 544(a).

3. "Section 544 of the Bankruptcy Code makes the avoidance powers of the trustee contingent upon state law.  Thus, if perfection is not a concept under [state] law, then it is not a valid concept under the Bankruptcy Code." *See Southern California Bank v. Zimmerman (In re Hilde)*, 120 F.3d 950, 952 (9th Cir. 1997) (internal citations omitted).

4.  The lien statute pursuant to which Defendant obtained the Charging Liens against Debtor's membership interests, if any, in Mission and Westcliff, is section 708.320 of the California Code of Civil Procedure, which provides as follows:

> (a) A lien on a judgment debtor's interest in a partnership or limited liability company is created by service of a notice of motion for a charging order on the judgment debtor and on either of the following:
>
> > (1) All partners or the partnership.
> >
> > (2) All members or the limited liability company.
>
> (b) If a charging order is issued, the lien created pursuant to subdivision (a) continues under the terms of the order. If issuance of the charging order is denied, the lien is extinguished.

Cal. Code Civ. Proc. § 708.320.

5.  As set forth in the statute, a charging order lien is created at the time of service of the notice of the motion for the charging order. *See* Cal. Code Civ. Proc. § 708.320(a); *see also*, Motion, p. 14, ll. 7 – 8. It is undisputed that Defendant served the notices of the Charging Order Motions on January 18, 2017, and the Charging Liens arose at that time. *See* Motion, p. 14, ll. 8 – 10.

6.  Unless the statutory scheme expressly requires that a lien be "perfected," no perfection is necessary and the creation of the lien is sufficient to defeat the rights of a lien creditor being exercised by a bankruptcy trustee or Chapter 11 debtor under § 544(a). *Hilde*, 120 F. 2d at 954.

7.  Nowhere in the provision of the California Code of Civil Procedure pursuant to which Defendant obtained the Charging Liens is there any reference to, or requirement for, perfection. Indeed, when the statute was originally passed in 1982, and as it exists now, the Legislature chose to use the word "creates" (§ 708.320(a)) and "continues" (§ 708.320(b)), instead of "perfects."

8.  Moreover, the California Law Revision Commission comments to Section 708.320 support Defendant's interpretation of the applicable statute:

> Section 708.320 is new. Former statutory law did not explicitly provide for a lien of a charging order. The lien of a charging order was recognized in case law, but the time of its creation and its effect were unclear. See Taylor v. S & M Lamp Co., 190 Cal.App.2d 700, 707-12, 12 Cal.Rptr. 323, 329-31 (1961). Section 708.320 establishes the time of creation of the lien by reference to service of notice of motion for the charging order. Cf. Ribero v. Callaway, 87 Cal.App.2d 135, 138, 196 P.2d 109 (1948) (charging orders issued on noticed motion). This provision is analogous to the creation of a lien in an examination proceeding under Article 2 (commencing with Section 708.110) by service of the order of examination. See also Section 416.40 (service on partnership)."

16 Cal.L.Rev.Comm. Reports 1516 (1982) (may be accessed via Westlaw by accessing the statute) (emphasis added).

9. The service of notice of the motion for the charging order has the same legal effect as service of an order of examination, which the Ninth Circuit Court of Appeals in *Hilde* has held does not require perfection. *Hilde*, 120 F.3d at 952.

10. California law provides, and Debtor acknowledges, that "[w]hen a lien does not have formal perfection requirements, its priority is determined under the general rule set forth in Cal.Civ.Code § 2897, which provides that *the time of creation of the lien is determinative*." *Bluxome Street Assocs. v. Fireman's Fund Ins. Co.*, 206 Cal.App.3d 1149, 1157-58 (1988) (emphasis added); *see also*, Motion, p. 14, ll. 3 – 6. Here, there is no dispute that the Charging Liens were created on January 18, 2017, when the Charging Order Motions were served.

**B.** **Debtor Is Not Entitled To A Judgment Recovering Avoided Transfers For The Benefit Of The Estate Because The Charging Liens Are Not Avoidable.**

11. Section 550 of the Bankruptcy Code provides in relevant part that "to the extent that a transfer is avoided under section…544…of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property from (1) the initial transferee of such transfer…." 11 U.S.C. § 550(a)(1). Since Debtor is not entitled to avoid the Charging Liens under 11 U.S.C. § 544, Debtor is not entitled to relief under 11 U.S.C. § 550.

**C.     Defendant's Claims Are Not Subject To Disallowance Because The Charging Liens Are Not Avoidable.**

12.    Section 502(d) of the Bankruptcy Code provides in relevant part that "…the court shall disallow any claim of any entity from which property is recoverable under section…550…or that is a transferee of a transfer avoidable under section…544…, unless such entity or transferee has paid the amount, or turned over such property, for which such entity or transferee is liable under section…550…of this title." 11 U.S.C. § 502(d).  Since Debtor is not entitled to avoid the Charging Liens under 11 U.S.C. § 544, or any relief under 11 U.S.C. § 550, Defendants' claims may not be disallowed under 11 U.S.C. § 502(d).

Dated: January 31, 2018           LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By:    */s/ Krikor J. Meshefejian*
     GARY E. KLAUSNER
     KRIKOR J. MESHEFEJIAN
     Attorneys for Creditor Barry Beitler

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **DEFENDANT BARRY BEITLER'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO DEBTOR'S FIRST AMENDED COMPLAINT FOR (1) AVOIDANCE OF ALLEGEDLY UNPERFECTED LIENS PURSUANT TO 11 U.S.C. § 544(A); (2) RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 550; AND (3) DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 31, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Alan J Friedman**    afriedman@lwgfllp.com, lgauthier@lwgfllp.com
- **Beth Gaschen**    bgaschen@wgllp.com, kadele@wgllp.com;lgauthier@lwgfllp.com
- **Mark D Hurwitz**    mhurwitz@lsl-la.com, dsmall@lsl-la.com
- **Gary E Klausner**    gek@lnbyb.com
- **William N Lobel**    wlobel@pszjlaw.com, nlockwood@pszjlaw.com;jokeefe@pszjlaw.com;banavim@pszjlaw.com
- **Krikor J Meshefejian**    kjm@lnbrb.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

**2. <u>SERVED BY UNITED STATES MAIL</u>**: On **January 31, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Office of the United States Trustee
411 W. Fourth Street
Suite 7160
Santa Ana, CA 92701

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 31, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*<u>Served via Overnight Mail</u>*
Hon. Scott C. Clarkson
United States Bankruptcy Court
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 31, 2018 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                              **F 9013-3.1.PROOF.SERVICE**